| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                                Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.76.252,<br><br>                                Defendant. | Case No.: 19cv2452-JAH-LL<br><br>**ORDER GRANTING EX PARTE APPLICATION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 4]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Currently before the Court is Plaintiff's January 17, 2020 "Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference." ECF No. 4 ("Mot."). Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's motion and all supporting documents, the Court **GRANTS** the motion for the reasons set forth below.

## **BACKGROUND**

Plaintiff alleges that it "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." Mot. at 6. On December 19, 2019, Plaintiff filed a complaint against John Doe, a subscriber assigned IP address 70.95.76.252, alleging copyright infringement. ECF No. 1 ("Compl."). Plaintiff alleges that Defendant has infringed Plaintiff's content by downloading and distributing sixty-five of

Plaintiff's copyrighted works using the BitTorrent file distribution network "over an extended period of time." Id. at ¶ 4.

Plaintiff alleges it uses its "proprietary forensic software"—VXN Scan ("VXN")—to monitor and detect the infringement of its copyrighted works. Mot. at 6. In this case, Plaintiff asserts VXN detected that Defendant's IP address was "illegally distributing a large number of [Plaintiff]'s motion pictures." Id. Notably, Plaintiff alleges that while the "BitTorrent protocol contains some default and automatic functions, none of these operations can take place without human interaction." Id.

Plaintiff argues Defendant's IP address is assigned "by his or her Internet Service Provider ('ISP')" and that the ISP is the "only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." Id. Plaintiff further argues Defendant's ISP only maintains "the internal logs of the requested information for a brief period of time." Id.

Plaintiff therefore seeks an order from the Court permitting it to serve a subpoena, pursuant to Federal Rule of Civil Procedure 45, on Defendant's ISP, Spectrum, requiring Spectrum to supply the true name and address of its subscriber to Plaintiff. Id. at 7.

## **LEGAL STANDARD**

As a general rule, a party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). In certain cases, courts have permitted "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999).

Generally, courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify certain defendants. Columbia Ins. Co., 185 F.R.D. at 578-80. First, the plaintiff should "identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant." Id. at 579. Third, the plaintiff should establish that its lawsuit "could withstand a motion to dismiss." Id.

## DISCUSSION

### A. Identification of Missing Party with Sufficient Specificity

Plaintiff has the burden to identify Doe Defendant with sufficient specificity to establish Defendant is a real person or entity subject to the Court's jurisdiction. Columbia Ins. Co., 185 F.R.D. at 578.

Some district courts in the Ninth Circuit have determined that "[a] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, No. 12cv00186 MMA-RBB, 2012 U.S. Dist. LEXIS 62980, at *10-11 (S.D. Cal. May 8, 2012) (citations omitted). Other courts have found "merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient." Id. (citations omitted).

Here, Plaintiff has met its burden of identifying the Doe Defendant with sufficient specificity. Plaintiff provides a declaration from David Williamson, an information systems and management consultant currently employed as Plaintiff's Chief Technology Officer. Mot., Ex. A at ¶¶ 11-12. Mr. Williamson states he "oversaw the design, development, and overall creation" of VXN, which Plaintiff owns and uses to "identify the IP addresses used by individuals infringing Plaintiff's movies via the BitTorrent protocol." Id. at ¶ 40.

3

As Mr. Williamson explains, the VXN system is comprised of a number of components. First, the "Torrent Collector" conducts lexical searches of Plaintiff's titles "within well-known torrent websites." Id. at ¶ 45. Once the Torrent Collector finds a match, "the Downloader" component downloads the .torrent file and correlating target file "so that [Plaintiff] can confirm that the targeted computer file . . . is in fact an infringing copy of a copyrighted work" that Plaintiff owns. Id. at ¶¶ 47-48.

Next, the "Proprietary Client" will "connect to peers within the swarm associated with that infringing computer file," which "begins the process of downloading a piece or multiple pieces of the infringing computer file from [] computers connected to the Internet . . . which are offering those infringing computer files for download." Id. at ¶ 54.

Concurrently, the "PCAP Recorder" records in real-time the PCAP ("Packet Capture") files for all BitTorrent transactions that the Proprietary Client is involved in. Id. at ¶ 63. According to Mr. Williamson, a "PCAP" file is a "computer file containing captured or recorded data transmitted between network devices." Id. at ¶ 58. Specifically, the PCAP contains: (1) evidence of "particular IP addresses" connecting to and sending pieces of a computer file to the Proprietary Client; and (2) an "Info Hash" associated with an infringing computer file. Id. at ¶¶ 61-62.

A "PCAP Stamper" then sends an index of every recorded PCAP file to a third-party provider. Id. at ¶ 72. The third-party provider signs the index with a qualified timestamp. Id. A "PCAP Analyzer" then: (1) retrieves the stored PCAP files; (2) "extracts infringing transaction data" from the PCAP file; (3) "verifies that each retrieved data piece is a part of a .torrent related file"; and (4) "organizes and summarizes the infringing transaction data in a tabular format." Id. at ¶ 74.

Plaintiff further provides the declaration of Patrick Paige, a Partner at Computer Forensics, LLC, who was retained by Plaintiff to analyze the evidence captured by VXN. Mot., Ex. B at ¶¶ 3, 12. Mr. Paige states he received a PCAP relating to a transaction occurring on November 13, 2019. Id. at ¶ 16. Mr. Paige further attests that in reviewing the PCAP, he "was able to confirm that the PCAP is evidence of a recorded transaction with

70.95.76.252" uploading a file with a hash value that allegedly correlates with one of Plaintiff's copyrighted works. Id. at ¶¶ 18-19.

Plaintiff has also sufficiently shown that Defendant is likely subject to this Court's jurisdiction. In his Declaration, Mr. Williamson states VXN is connected to the "Maxmind GeoIP2 Precision Services geolocation database" and connects with this database "to determine both the Internet Service Address that assigned a particular IP address as well as the city and state the IP Address traces to." Mot., Ex A at ¶¶ 76, 78. Plaintiff notes this Court "has accepted Maxmind's findings for the purpose of allowing expedited discovery" and "federal law enforcement relies on Maxmind for its cyber investigations." Mot. at 12.

In addition, Plaintiff provides a declaration from Emilie Kennedy, Plaintiff's General Counsel. Mot., Ex. D at ¶ 3. Ms. Kennedy states that once VXN identified IP address 70.95.76.252 as allegedly infringing Plaintiff's works, the IP address was input into Maxmind's database on February 4, 2018. Id. at ¶ 4. Ms. Kennedy explains that Maxmind showed the IP address traced to a location in Del Mar, California. Id. at ¶ 5. Ms. Kennedy states the IP address was traced again prior to Plaintiff filing its Complaint and then again before Ms. Kennedy filed her declaration—and the IP address continued to be traced to a location within this District. Id. at ¶¶ 6-8.

Finally, Plaintiff provided factual support to show Defendant's IP address belongs to Spectrum. Specifically, Plaintiff includes a declaration from Susan B. Stalzer, one of Plaintiff's employees, who states she used the "American Registry for Internet Numbers ("ARIN") to confirm Spectrum owned Defendant's IP address at the time of the alleged infringement, and hence has the relevant information to identify Doe Defendant." Mot., Ex. D at ¶¶ 3, 11.

For the above reasons, the Court finds Plaintiff has sufficiently met its evidentiary burden.

///

///

///

### B. Previous Attempts to Locate Defendant

To obtain leave to take early discovery, Plaintiff must also describe all previous attempts it made to identify the Defendant to locate and serve process. See Columbia Ins. Co., 185 F.R.D. at 579.

Here, Plaintiff states it: (1) "diligently attempted to correlate Defendant's IP address to Defendant by searching for Defendant's IP address" on various internet search tools; (2) "conducted its own diligent research on its ability to identify Defendant by other means," which included reviewing "legislative reports, agency websites, informational technology guides, governing case law, etc.;" and (3) further "discussed the issue at length with computer investigators and cyber security consultants." Mot. at 13-14.

Despite these efforts, Plaintiff states it "has been unable to identify any other way" to obtain Defendant's identity except via a subpoena because Defendant's ISP is "the only party with the information necessary to identify Defendant." Id. at 1, 8. As additional support, Plaintiff's forensic expert Mr. Paige states that based on his experience in similar cases, Defendant's ISP Spectrum "is the only entity that can correlate the IP address to its subscriber and identify Defendant[.]" Mot., Ex. B at ¶ 22.

For these reasons, the Court finds Plaintiff appears to have made a good faith effort to locate Defendant.

### C. Whether Plaintiff Can Withstand a Motion to Dismiss

Plaintiff must finally show that its suit could withstand a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 579. Under Federal Rule of Civil Procedure 12(b), a case can be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Plaintiff's Complaint alleges an action for direct copyright infringement. See Compl. at Count 1. As applied herein, the Complaint correctly alleges subject matter jurisdiction pursuant to Title 28, United Code, Section 1331 (federal question) and 1338 (copyrights). Id. at ¶ 8.

In order to state a viable claim for copyright infringement, Plaintiff must establish: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citations omitted).

Here, Plaintiff's Complaint alleges that Plaintiff is the exclusive rights holder of the copyrighted works at issue. Compl. at ¶¶ 34-35, Ex. A. Plaintiff's Complaint further alleges Defendant infringed Plaintiff's copyrighted works using the BitTorrent file distribution network to "illegally download and distribute Plaintiff's copyrighted motion pictures[,]"and that "[a]t no point in time did Plaintiff authorize, permit or consent" to Defendant's actions. See Compl. at ¶¶ 25, 40. Ex. A. For these reasons, Plaintiff has sufficiently alleged the *prima facie* elements of direct copyright infringement and could likely withstand a motion to dismiss for failure to state a claim.

Under Federal Rule of Civil Procedure 12(b), a case can also be dismissed for lack of personal jurisdiction or improper venue. Fed. R. Civ. P. 12(b)(2), 12(b)(3). To avoid a defendant's motion to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction, a plaintiff only needs to make a *prima facie* showing of jurisdiction by presenting facts that, if true, would support a finding of personal jurisdiction over the defendant. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a).

Here, Plaintiff alleges this Court has jurisdiction over Defendant because the alleged acts of infringement were traced to an IP address located in this District. Compl. at ¶ 9. Plaintiff alleges venue is proper in this District because the alleged acts of infringement occurred in this District and the Defendant resides or may be found here. Id. at ¶ 12. Specifically, Plaintiff alleges it used Maxmind, a geolocation technology, to determine that Defendant's IP address traced to physical locations within this District. Id. at ¶ 10. Based on the foregoing, Plaintiff has alleged facts that are likely to withstand a motion to dismiss for lack or personal jurisdiction or improper venue.

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order, and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). Therefore, the information Plaintiff seeks falls within an exception to the prohibition on disclosure within the Act.

### IV. CONCLUSION

Having found good cause, the Court **GRANTS** Plaintiff's Motion for Expedited Discovery. For the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum that seeks only the true name and address of the subscriber assigned IP address 70.95.76.252. Plaintiff shall not subpoena additional information;

2. Plaintiff may only use the disclosed information for the purpose of protecting its rights in pursuing this litigation;

3. Within **fourteen calendar days** after service of the subpoena, Spectrum shall notify the subscriber that his or her identify has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall have **thirty calendar days** from the date of such notice to challenge the disclosure by filing an appropriate pleading with this Court contesting the subpoena;

4. If Spectrum wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least **forty-five days** from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge; and

5. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Spectrum. Spectrum, in turn, must provide a copy of this

Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

**IT IS SO ORDERED**.

Dated: February 19, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge