UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20506-UU

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
99.169.4.202 an individual,

    Defendant.

_____/

**RESPONSE TO ORDER TO SHOW CAUSE**

**I.    INTRODUCTION**

On February 5, 2020, the Court ordered Plaintiff, Strike 3 Holdings, LLC, ("Plaintiff" or "Strike 3") to show cause that venue is proper and "show that due diligence, as well as due care, have been employed in ascertaining that the IP address associated with the alleged tortfeasor is or was assigned to a system or node that can be used to reasonably calculate the identity of the alleged infringing party." Dkt. 7. Plaintiff submits the following.

**II.    FACTS**

Plaintiff recorded rampant copyright infringement emanating from IP address 99.169.4.202 via the BitTorrent network over the period of several months. Dkt. 1. Although Plaintiff knows that its copyrights were infringed, it does not know by whom because the BitTorrent protocol only reveals the user's IP address. *See id.* Plaintiff is, however, still able to

1

glean some limited insights from the just the IP address. First, it is able to identify with reasonable certainty which Internet service provider ("ISP") hosts the account affiliated with the IP address. Second, Plaintiff uses geolocation technology by Maxmind Inc. ("Maxmind"), to trace the relative location of Defendant's IP address. In this case, Maxmind determined that Defendant's IP address traced to a location within this Court's jurisdiction. *Id.* at ¶ 10. Because of this, Plaintiff knows which ISP it must subpoena for the pertinent information and what court has jurisdiction to issue such a subpoena,[1] and it "now seeks to use the IP address—[the] only identifying information Plaintiff has access to—[] to identify Defendant[]." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-01561 (VLB), 2019 WL 1620414, at *3 (D. Conn. Apr. 16, 2019).

### III. DISCUSSION

#### A. Jurisdictional Discovery is Proper to Confirm Venue

"[V]enue provisions are designed, not to keep suits out of the federal courts, but merely to allocate suits to the most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710, 92 S. Ct. 1936, 1939, 32 L. Ed. 2d 428 (1972). Whereas here, the Court is concerned with Plaintiff's geolocation program's ability to accurately locate and identify the infringer, this issue dovetails with considerations arising from personal jurisdiction. *See Palmer v. Braun*, 376 F.3d 1254, 1259–60 (11th Cir. 2004) (citation omitted) ("A civil suit to enforce the Copyright Act may be brought in any district 'in which the defendant . . . may be found' [and a] defendant 'may be found' in a district in which he could be served

---

[1] The Cable Communications Policy Act, of 1984 ("CCPA"), 47 U.S.C. § 551 *et seq.* prohibits the ISP from releasing Defendant's identifying information without a court order. *See Strike 3 Holdings, LLC, v. Doe*, No. CV 18-774 (DWF/DTS), 2018 WL 4210202, at *2 n.3 (D. Minn. Sept. 4, 2018) ("The Court also notes that although the Communications Act prohibits a cable operator from disclosing a subscriber's personally identifiable information, it also provides an exception when the disclosure is made pursuant to a Court order and the subscriber is notified [pursuant to 47 U.S.C. § 551(c)(2)(B).]").

2

with process; that is, in a district which may assert personal jurisdiction over the defendant."). "For purposes of copyright litigation, venue is proper if *in personam* jurisdiction is proper," *Vasquez v. Torres Negron*, 434 F. Supp. 2d 199, 202 (S.D.N.Y. 2006), and Plaintiff "is in essence seeking jurisdictional discovery." *See Strike 3 Holdings, LLC v. Doe*, 325 F.R.D. 499, 501 (D.D.C. 2018) (citations omitted); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978) (noting that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues").

Eleventh Circuit precedent "holds that a plaintiff who chooses a federal forum 'should be given the opportunity to discover facts that would support . . . allegations of jurisdiction' and ordering 'dismissal without affording the plaintiff any opportunity to proceed with reasonable discovery [is] premature and an abuse of the court's discretion.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 774–75 (11th Cir. 2010) (Pryor, J., concurring) (quoting *Majd–Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984)). "Plaintiff *must* be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982) (emphasis supplied).

Here, Plaintiff's limited expedited discovery request to Defendant's ISP serves several ends. Not only does the information allow Plaintiff to identify and serve the infringer, *Strike 3 Holdings, LLC v. Doe*, No. CV 18-04993-KAW, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019), it confirms that jurisdiction and venue are proper. *See Nygard v. DiPaolo*, 753 F. App'x 716, 721–22 (11th Cir. 2018) (citation omitted) (noting that jurisdictional discovery is appropriate "when a party demonstrates that it can supplement its allegations through discovery").

B. **Geolocation Technology Like Maxmind Creates a Good Faith Basis that Jurisdictional Discovery Will Confirm that Defendant Resides in, or Can be Found in this District**

"Limited jurisdictional discovery is appropriate 'where the information plaintiff seeks, if it exists, would give rise to jurisdiction.'" *Evans v. Andy & Evan Indus., Inc.*, No. CV 15-61013, 2015 WL 13260392, at *1 (S.D. Fla. Nov. 23, 2015) (quoting *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. Appx. 779, 790 (11th Cir. 2014)). "It is well established that '[a] qualified right to conduct jurisdictional discovery is recognized in the Eleventh Circuit,'" *In re Application of MTS Bank*, No. CV 17-21545-MC, 2017 WL 3276879, at *6 (S.D. Fla. Aug. 1, 2017) (citations omitted), "meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery." *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (internal citations and punctuations omitted). "To obtain jurisdictional discovery, a plaintiff 'must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[].'" *Strike 3 Holdings*, 325 F.R.D. at 501 (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 995 (D.C. Cir. 2014)).

"[G]eolocation services may be used to estimate the location of Internet users based on their IP addresses." *Strike 3 Holdings, LLC v. Doe*, 325 F.R.D. 499, 503 (D.D.C. 2018) (internal quotations and citations omitted). During its pre-suit diligence, Plaintiff inputs Defendant's IP address's information into Maxmind to determine the relative location of the Defendant. "A showing that the internet account associated with an IP address that allegedly engaged in infringing activity is located in [the district] is sufficient to establish prima facie personal jurisdiction over the alleged infringer." *DigiProtect USA Corp. v. Does*, No. CV 10-8760, 2011 WL 4444666, at *3 (S.D.N.Y. Sept. 26, 2011). As other courts have observed, these services

4

provide "a good faith basis to believe a putative defendant may be [a district] resident if a geolocation service places his/her IP address within the [district.]" *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 40 (D.D.C. 2011). Indeed, some courts even confirm an IP addresses geolocation *sua sponte* using such generally available websites like www.iplocation.net. *Strike 3 Holdings, LLC v. Doe*, No. CV 19-73, 2019 WL 777416, at *1 n.1 (S.D. Cal. Feb. 21, 2019). Hence, a reliable geolocation technology is proper in forming Plaintiff's good faith belief that jurisdiction and venue are proper in this District. Maxmind has proven reliable in courts across the country.

### C. Maxmind is an Accurate Geolocation Technology

Maxmind is an industry-leading provider of IP address intelligence and online fraud detection tools. *See* Dkt. 1, at ¶ 10. Maxmind's geolocation service is not "software," *per se*, but rather a proprietary database of information collected from ISPs by Maxmind for use in its ISP tracing service. It compiles information it receives from ISPs concerning the IP addresses they assign to their subscribers by city and state. Maxmind maintains and updates this proprietary database on a weekly basis, which is accessible to government agencies[2] and members of the public for a fee. When a user enters an IP address into Maxmind's ISP tracing service, Maxmind compares that IP address to the city-and-state records it has collected from ISPs to determine where the subscriber assigned that IP address is approximately located as of its last update. According to Maxmind, its IP address tracing service is approximately "95% accurate in the US." *See* https://www.maxmind.com/en/geoip2-isp-database. Its basic geolocation tracing

---

[2] Maxmind is routinely used by local and federal law enforcement agencies for the same purpose it is used by Strike 3: to determine which locality/agency has proper jurisdiction to prosecute Internet crimes. *See, e.g.*, *United States v. Tillotson*, No. CR 8-33, 2008 WL 5140773 (E.D. Tenn. Dec. 2, 2008); *United States v. Richardson*, No. CR 11-3116, 2012 WL 10382 (D. Neb. Jan. 3, 2012); *Aguilar v. Parris*, No. CV 16-00779, 2016 WL 5373532 (M.D. Tenn. Sept. 26, 2016).

service is "99.8% accurate on a country level, 90% accurate on a state level, 87% accurate on a city level for the US within a 50 kilometer radius." *See* https://www.maxmind.com/en/solutions/geoip2-enterprise-product-suite/enterprise-database. However, Maxmind's GeoIP2 Precision Web Services – the service used by Plaintiff in this matter – is Maxmind's "most accurate data at a city/postal code level, geolocating 7% more IPs the correct postal code and 3% more IPs to the correct city in the United States than the GeoIP2 Downloadable Databases." *See* https://support.maxmind.com/geoip-faq/geoip2-and-geoip-legacydatabases/how-accurate-are-your-geoip2-and-geoip-legacy-databases/.

In other words, Maxmind is akin to services that offer a reverse look-up in the white pages of the phone book using a caller's telephone number. But instead of searching for a person's name with a telephone number, Maxmind allows users with an IP address to find its approximate city and-state location, and the ISP that assigned it.

Importantly, on May 19, 2015, this Court held a hearing regarding the accuracy of this exact technology, concluding that "the Court is satisfied that the geolocation technology used here to pinpoint the subject IP address to the Southern District of Florida is reliable." *Manny Film, LLC v. Doe*, No. CV 15-80306, 2015 WL 2411201, at *1 (S.D. Fla. May 20, 2015). Courts across the country are in accord and consistently find that Plaintiff, using Maxmind, has demonstrated a *prima facie* evidence of proper venue and personal jurisdiction, allowing expedited discovery.[3] *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 19-0074-BAS(RBB),

---

[3] In *AF Holdings LLC v. Rogers*, No. CV 12-1519 (BTM)(BLM), 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013), cited in the Court's Order, after allowing expedited discovery, the court held that the plaintiff's first amended complaint needed to allege more about defendant than simply subscribing to the Internet account to pass the *Twobly/Iqbal* pleading standard. This rationale has since been adopted in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), but this pleading standard does not apply before expedited discovery has taken place. *See*

6

2019 WL 1077548, at *5 (S.D. Cal. Mar. 7, 2019) ("Plaintiff has . . . alleged facts that are likely to withstand a motion to dismiss for lack of personal jurisdiction or improper venue."); *Strike 3 Holdings, LLC v. Doe*, No. CV 19-00160-EMC, 2019 WL 591459, at *2 (N.D. Cal. Feb. 13, 2019).

### D. Plaintiff's Request for Limited, Expedited Discovery is Reasonably Calculated to Allow Plaintiff to Identify the Infringer

While Plaintiff only knows Defendant's public IP Address, this is sufficient to allow Plaintiff to "reasonably calculate the identity of the alleged infringing party." Although Plaintiff cannot say with metaphysical certainty that the subscriber is in fact the infringer, "Plaintiff's burden at this stage is one of plausibility, not certainty." *Malibu Media, LLC v. Doe*, No. CV 16-1739, 2017 WL 1050573, at *2 (D.N.J. Mar. 20, 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "It is plausible that files downloaded using a particular IP address were downloaded by the subscriber of that address." *Id.* (collecting cases).

While the subscriber to an internet service is the most plausible individual to use that service, Plaintiff nevertheless will use the name and address retrieved from the ISP to further investigate the identities of anyone Plaintiff can deduce had consistent access to the IP address. *See Strike 3 Holdings*, No. CV 18-04993-KAW, 2019 WL 468816 at *2. If Plaintiff determines that it does not have sufficient cause or evidence to identify the infringer (for example, if the ISP has destroyed the relevant logs or if the investigation turns up inconclusive), Plaintiff will dismiss the claim. If, however, the investigation uncovers sufficient evidence to determine the subscriber is the infringer, or that some third-party is the infringer, Plaintiff will amend its complaint to single out that individual and continue prosecuting its claim. *See e.g.*, *Strike 3*

---

*Strike 3 Holdings, LLC v. Doe*, No. CV 18-02637 (MCE)(CKD), 2019 WL 935390 (E.D. Cal. Feb. 26, 2019).

7

*Holdings, LLC v. Doe*, No. CV 18-06488, at *2, ECF 24 (N.D. Ill. Apr. 4, 2019) (denying motion to dismiss because Plaintiff "alleged additional facts linking defendant's interests . . . to BitTorrent piracy at his IP address"). As a result, and particularly because Plaintiff has such a limited ability to identify infringers hiding behind online anonymity, "obtaining the IP addressee's information is the logical first step in identifying the correct party." *TCYK, LLC v. Does 1-44*, No. CV 13-3825, 2014 WL 656786, at *4 (N.D. Ill. Feb. 20, 2014).

In sum, the web of technology shielding Defendant's identity online both necessitates Plaintiff's request for limited discovery and supplies the good cause for it. Plaintiff starts with the IP address used by the infringer to download and distribute its motion pictures, and through its pre-suit diligence, Plaintiff determines which ISP possesses the relevant information, and using Maxmind to geolocate the IP address, what court has proper jurisdiction (and hence is the proper venue) to endorse Plaintiff's limited subpoena. Finally, when Plaintiff has the name and address of the subscriber, it performs another diligence search to establish corroborating evidence that singles out the infringer. "Under these circumstances, Plaintiff's subpoena is entirely proper." *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018).

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully states that good cause is shown and that the Court should discharge its Order to Show Cause.

Dated: February 5, 2020                                  Respectfully submitted,

                                                         /s/ *Rachel E. Walker*_____
                                                         RACHEL E. WALKER (FL Bar No. 111802)
                                                           SMGQ LAW
                                                           218 NW 24th Street
                                                           Miami, FL 33127
                                                           rwalker@smgqlaw.com

8

Tel.: 305-377-1000
Fax.: 855-327-0391
*Attorneys for Plaintiff*