# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address *70.95.76.252*<br><br>　　　　　　　　　　Defendant. | Case No.: 19cv2452-JAH (LL)<br><br>**ORDER DENYING DEFENDANT'S: (1) MOTION TO QUASH; (2) MOTION FOR SANCTIONS; AND (3) MOTION TO DISMISS (Doc No. 11)** |

## INTRODUCTION

Pending before the Court is Defendant John Doe's ("Defendant") motion to quash the third-party subpoena that Plaintiff Strike 3 Holdings, LLC ("Plaintiff") issued to Defendant's internet service provider ("ISP"). Additionally, Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 41 and seeks sanctions under Fed. R. Civ. P. 11. Having carefully considered the pleadings in this action, and for the reasons set forth below, the Court hereby DENIES Defendant's motion to quash; motion for sanctions; and motion to dismiss.

## BACKGROUND

Plaintiff is the owner of adult-content movies distributed through websites and DVDs. Doc. No. 1 at 1. Plaintiff alleges that Defendant has used the BitTorrent protocol to download and distribute Plaintiff's movies to others in violation of Plaintiff's copyrights in the material. *Id.* at 2. Specifically, Plaintiff asserts that Defendant anonymously infringed its copyrights by illegally downloading and distributing 65 movies over an

extended period of time. *Id.* Plaintiff used an investigator to discover the IP address, where its works were downloaded using BitTorrent, and found Defendant by his or her IP address 70.95.76.252, which is maintained by Defendant's ISP. *Id.*

To establish Defendant's identity, Plaintiff filed an equitable cause of action for a bill of discovery in Florida state court, where Plaintiff's servers are located. Doc. No. 1 at 2; Doc. No. 14 at 13. Defendant objected asserting that the action can be more properly litigated in the federal court of his or her domicile. Doc. No. 1 at 2. Plaintiff dismissed the Florida state action and agreed to litigate in federal court. *Id.*

On December 19, 2019, Plaintiff filed the complaint in this action. Shortly thereafter, Plaintiff filed an *ex parte* application for leave to serve an early third-party subpoena on Defendant's ISP in order to identify the name and address of the subscriber associated with the IP address. Doc. No. 5. In response to Plaintiff's *ex parte* application for leave to serve an early subpoena, Defendant responded, not with a motion to quash, but by simply requesting the court to add personal privacy protections for John Does, along with draft language, in the order. Plaintiff did not object to Defendant's request to include Defendant's privacy provision. On February 19, 2020, in a detailed order, Judge Lopez granted Plaintiff permission to serve the subpoena on Defendant's ISP for the sole purpose of obtaining the subscriber's true name and address. *Id.* Judge Lopez found good cause to permit early discovery and allowed Plaintiff to use the disclosed information only to protect its rights in pursing this litigation in order to protect the subscriber's privacy. *Id.* at 5. The magistrate judge incorporated Defendant's proposed provision verbatim in the order.

On March 1, 2020, Defendant filed a motion to quash the subpoena; motion for sanctions; and a motion to dismiss Plaintiff's complaint. Doc. No. 11. Plaintiff filed an opposition and Defendant filed a reply. Doc. Nos. 14, 15.

///
///
///
///

## DISCUSSION

I. **Defendant's Motion to Quash**

   A. Legal Standard

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a non-party "to attend and give testimony or to produce and permit inspection [and] copying" of documents. Fed. R. Civ. P. 45(a)(1)(C). A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order. *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005). Upon a timely motion, the court may quash or modify the subpoena for any one of the reasons set forth in Rule 45(c)(3)(A), such as where the subpoena "requires disclosures of privileged or other protected matter and no exception or waiver applies," or it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). In evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defense at issue, the breadth of the discovery request, and the litigants need for the information." *Liberty Media Holdings v. Does 1-62,* 2012 WL 628309, *2 (S.D. Cal. Feb. 24, 2012) (citation omitted). "[T]he party who moves to quash a subpoena has the burden of persuasion." *Moon*, 232 F.R.D. at 637.

   B. Discussion

Defendant makes three main arguments in support of his or her motion to quash: (1) Defendant's privacy rights are violated; the third-party subpoena subjects Defendant to undue burden; and (3) Plaintiff's complaint is subject to dismissal.

Generally, a party does not have standing to challenge a subpoena issued to a third party, unless the party has some personal right or privilege relating to the information sought. *Vera v. O'Keefe,* 2012 WL 909316, *1 (S.D. Cal. March 16, 2012). Defendant contends that Plaintiff seeks to violate his or her privacy rights under the "Federal Cable Privacy Act" by unmasking their identity "for the sole purpose of obtaining their name and then harassing them in pursuit of a 'shame settlement' notwithstanding the fact [Plaintiff

3

has] no actual evidence." Doc. No. 11-1 at 12. Defendant fails to provide any factual or substantive evidence to support this allegation. In granting Plaintiff's *ex parte* application for expedited discovery, this Court specifically allowed Plaintiff to obtain "only the true name and address of the subscriber" and prevented Plaintiff from obtaining any additional information. Doc. No. 5 at 8. Additionally, Plaintiff is only allowed to use the information obtained for the sole purpose "of protecting its rights in pursuing this litigation." *Id.* Lastly, Defendant's motion for protective order was granted and prevents Plaintiff from revealing the subscriber's personally identifying information, unless the Court orders otherwise. Doc. No. 8. As such, Defendant's privacy concerns lack any merit as the Court took precautionary measures to ensure Defendant's privacy rights would not be violated.

Defendant next argues the subpoena should be quashed on the ground that it subjects him or her to undue burden by forcing Defendant to first file a dismissal in the Florida action, and now file a motion to quash in this action. Doc. No. 11-1 at 12. However, in the context of copyrights cases, the "undue burden" contemplated by Rule 45 is the one placed on the party to whom the subpoena is directed. *See Liberty Media Holdings v. Does,* 1-62, 2012 WL 628309, *2 (S.D. Cal. February 24, 2012) (holding that in evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request") (citations omitted); *see also Mount Hope Church v. Bash Back!,* 705 F.3d 418, 428 (9th Cir. 2012) (holding that "undue burden" is considered "the burden associated with compliance"). Here, Plaintiff's subpoena was issued to Defendant's ISP, and not Defendant. Defendant is under no obligation to produce any documents or information to Plaintiff. Furthermore, Defendant has not provided any facts or evidence regarding the burden on the subpoenaed entity. The subpoena simply requests only the name and address of the subscriber—which the Court finds egregious to be considered "unduly burdensome."

Lastly, Defendant argues the Court should quash the subpoena because Plaintiff's complaint is subject to dismissal. Doc. No. 11-1 at 3. Specifically, Defendant alleges Plaintiff cannot satisfy the high-bar standards set by *Cobbler Nevada LLC v. Gonzalez,* 901

4

F.3d 1142 (9th Cir. 2018). Doc. No. 11-1 at 16. In *Cobbler*, the Ninth Circuit decided "whether a bare allegation that a defendant is the registered subscriber of an [IP] address associated with infringed activity is sufficient to state a claim for direct contributory infringement." *Id.* at 1144. The court concluded "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Id.* Defendant argues Plaintiff has failed to allege "something more" in the complaint to bypass the standard set by *Cobbler*. However, as Plaintiff highlights, Defendant's interpretation of *Cobbler* is incorrect as the case was decided *after early discovery* occurred. The plaintiff in that case was unable to plead "anything more" than the subscriber's identity, even after obtaining early discovery from the ISP. *Id.* at 1145-46. To have the Court now address some future amended complaint that may be insufficient to overcome the *Cobbler* threshold is premature.

Accordingly, for the foregoing reasons above, Defendant's motion to quash is DENIED.

## II. Defendant's Motion to Dismiss

Defendant alleges Plaintiff's complaint should be involuntarily dismissed under Rule 41(b) for failure to comply with Rule 8, as well as Rule 11. Doc. No. 11-1 at 16-17. Additionally, Defendant contends a Rule 41(b) dismissal is warranted for Plaintiff's alleged delay and harassment caused to Defendant. *Id.* at 17.

### A. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although styled as a motion under Rule 41, Defendant seeks dismissal under Rule 8, on the grounds that Plaintiff fails to state a claim for copyright infringement. Defendant continues to rely heavily upon *Cobbler* as a basis to support the dismissal. However, as stated earlier, any motion to dismiss under *Cobbler* is premature. A copyright plaintiff is permitted to seek early discovery from an ISP in order

to plead the "something more" necessary to satisfy a claim for copyright infringement under *Cobbler*.

Here, Plaintiff has yet to obtain the subscriber's information, and it is premature to assume that the only fact Plaintiff will have after some discovery is conducted is the subscriber's identity. *See Cobbler,* 901 F.3d at 1145. District courts examining this exact issue have held that "although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, *Cobbler []* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name." *Strike 3 Holdings, LLC v. Doe,* No. CV 19-00723 (JCS), 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019); *see also Strike 3 Holdings. LLC v. Does,* No. 2:18-cv-0237-MCE-CKD, 2019 WL 935390, at *2-3 (E.D. Cal. Feb. 26, 2019); *Strike 3 Holdings, LLC v. Doe,* No. 4:18-cv-04993-KAW, 2019 WL 468816, at *2 (N.D. Cal. Feb. 6, 2019). Lastly, a dismissal at this juncture would prevent Plaintiff from protecting its copyright works, in that it would be prevented from unveiling who is illegally downloading and distributing its content. Therefore, Defendant's motion for dismissal pursuant to a Rule 8 violation is DENIED.

### B. **Rule 11**

Defendant seeks dismissal as a sanction for Plaintiff violating Rule 11. Doc. No. 11-1 at 6, 22. District courts have a broad array of sanction options at their disposal, including Rule 11 of the Federal Rules of Civil Procedure. *See Christian v. Mattel, Inc.,* 286 F.3d 1118, 1131 (9th Cir. 2002). By signing, filing, submitting, or later advocating a pleading or motion, an attorney has certified that it was not presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Rule 11(c) "place[s] stringent notice and filing requirements on parties seeking sanctions." *Holgate v. Baldwin,* 425 F.3d 671, 677 (9th Cir. 2005). "A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before filing the motion with the court, providing the opposing counsel a 'safe harbor…to give the offending party the opportunity…to withdraw the offending pleading and thereby escape sanctions." *Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 826 (9th Cir. 2009)

6

(citations omitted). "Failure to provide the required notice precludes an award of Rule 11 sanctions.'" *Id.*

First, Defendant alleges that Plaintiff's complaint cannot meet the *Cobbler* standard and is not "warranted by existing law." Doc. No. 11-1 at 22-23. Second Defendant contends Plaintiff "cause[d] unnecessary delay [and] needlessly increase[d] the cost of litigation" by filing its motion for early discovery that cannot survive *Cobbler*. *Id*. However, Defendant's motion for sanction for failure to comply with Rule 11 does not abide by the stringent notice and filing requirements. Plaintiff was not provided the 21-day safe harbor period for correcting or withdrawing the challenged complaint or motion. In addition, Defendant failed to file a separate motion for sanctions "describing the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Furthermore, the Court rejects Defendant's contention that Plaintiff's bill of discovery action in Florida state court to obtain the subscriber's identity as a means of harassing, increasing litigation costs, and a delay in this action. Plaintiff filed the equitable action as a means to obtain the subscriber's true identity and Defendant has not proved otherwise. Reasonable litigants may consider Plaintiff's action in Florida as pre-copyright complaint discovery. Regardless, had Plaintiff been successful in Florida, the request for early discovery, to quash a subpoena and sanctions would not be before this court. It was Defendant who challenged the Florida equitable action, and in doing so, contended the proper venue for the case was in this district. As a result, Plaintiff did not dismiss the Florida action to harass Defendant, it did so at the urging of Defendant and now has sought the relief (early discovery) here from the magistrate judge. Any alleged delay cause by the Florida action does not fall at the feet of Plaintiff. Finally, as stated above, the *Cobbler* action does not apply to this at this stage in the proceedings. Therefore, Defendant's Rule 11 motion for sanctions is DENIED.

### C. **Rule 41(b)**

Rule 41(b) provides, in relevant part: "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) serves as an

7

adjudication on the merits unless the dismissal states otherwise. *Id.* "[D]ismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal for failure to prosecute is solely within the court's discretion. *Olivia v. Sullivan,* 958 F.2d 272, 274 (9th Cir. 1992).

Pursuant to Federal Rule of Civil Procedure 41(b), Defendant seeks involuntary dismissal of Plaintiff's complaint. Doc. No. 11-1 at 16. Defendant alleges Plaintiff failed to comply with Federal Rules 8 and 11 by filing the instant action when Plaintiff knew he "cannot overcome the *Cobbler* precedent." *Id.* at 18. Additionally, Defendant contends Plaintiff's complaint should be dismissed for causing "harm, prejudice, annoyance, and harassment." *Id.* at 17.

However, the Court disagrees as a Rule 41(b) dismissal is unwarranted. First, as discussed above, Plaintiff can overcome the minimum Rule 8 threshold. Second, Defendant's motion for sanctions is meritless and Defendant failed to provide Plaintiff with the proper notice prior to filing the motion. Finally, where defendant seeks dismissal pursuant to Rule 41(b), plaintiff bears the initial burden of proof to show some excuse for the delay in prosecution of the complaint. *Nealy v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1280-81 (9th Cir. 1980). If plaintiff's excuse is "anything but frivolous," the burden shifts to the defendant to show prejudice resulting from the delay. *Id.* at 1281.

Here, Plaintiff originally filed the bill of discovery in Florida state court to obtain the subscribers name and address, in which Defendant moved to dismiss that action. Plaintiff filed the instant action and requested a subpoena to obtain the subscriber's true identity as Defendant suggested during the Florida litigation and, once again, Defendant alleges Plaintiff is causing "harm prejudice, annoyance, and harassment." Nevertheless, Defendant has yet to explain any prejudice or harm caused to Defendant by Plaintiff filing the instant action. The Court is unable to comprehend Defendant's argument as Defendant tactically, if not outrightly, consented to the issuance of the subpoena with only a reservation as to privacy concerns. Defendant's privacy concerns were not disputed by

Plaintiff and were adopted by the court and incorporated into the court's protective order were. Defendant has failed to show any prejudice resulting from any alleged delay by filing the instant action or the third-party subpoena. Plaintiff is only seeking to obtain the subscriber's true name and address in order to proceed with the instant action, which is the complete opposite of a delay. Lastly, there is no indication that Plaintiff has violated any rules or Court order.

The Court is not convinced a harsh, involuntary dismissal of Plaintiff's complaint is warranted, and therefore, DENIES Defendant's Rule 41(b) motion.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED:**

    1. Defendant's Motion to Quash is **DENIED.**

    2. Defendant's Motion for Sanctions is **DENIED**.

    3. Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 13, 2020

_____
Hon. John A. Houston
United States District Judge